# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12-cv-293-RJC

| | |
|---|---|
| NORMAN YATES CARTHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MECKLENBURG COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1).

**I.      BACKGROUND**

According to Plaintiff's Complaint, he is incarcerated in Kershaw Correctional Institute in Kershaw, South Carolina. (Doc. No. 1 at 4). Plaintiff alleges that on December 3, 2010, he was admitted to Carolinas Medical Center ("CMC") for undisclosed treatment. On December 5, 2010, Plaintiff alleges that he was in a hospital bed at CMC when an intern, Defendant Brace, approached him and engaged in inappropriate contact. Plaintiff notified Defendant that the contact was unwanted and Defendant Brace thereafter called for the head nurse. Defendant Brace then allegedly became angry and signed a medical form noting Plaintiff's refusal to accept medical treatment and Plaintiff was discharged and returned to Mecklenburg County Jail. (Id.). Plaintiff is seeking $2,000,000 in damages for this alleged contact. (Id.).

**II.      STANDARD OF REVIEW**

According to 28 U.S.C. § 1915A(a), the Court shall conduct an initial review of a

1

"complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). The Court has conducted this initial review and finds that the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

In general, pro se complaints are construed liberally and held to a less exacting standard than pleadings filed by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqdal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2997) ). The pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure provides for "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require exhaustive detail, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570).

**III.    DISCUSSION**

While Plaintiff's Complaint is held to a less exacting standard, he has not alleged sufficient facts to allow the Complaint to proceed. In his Complaint, Plaintiff contends that he was inappropriately touched by a physician while being provided medical treatment at CMC. After registering his objection to this alleged treatment, Plaintiff claims he was noted to have refused medical treatment and he was transported back to Mecklenburg County Jail.

First, Plaintiff does not provide any detail or explanation as to how he could maintain a Section 1983 claim against any of the defendants. "Federal jurisdiction may not be premised on

the mere citation of federal statutes." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). A case filed under § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Although allegations in a pro se complaint must be construed liberally, Haines, 404 U.S. at 520, this liberal construction requirement does not permit a district court to ignore a complaint's failure to allege facts which set forth a claim that is cognizable under federal law. Weller, 901 F.2d at 391.

    A.     Defendant Mecklenburg County Jail

In order to successfully allege a violation of 42 U.S.C. § 1983, the plaintiff must allege that a "person" acting under color of state law violated plaintiff's constitutional rights. Mecklenburg County Jail is not a person under Section 1983.

Rule 17(b) of the Federal Rules of Civil Procedure provides that a party's capacity to be sued is determined by the law of the state in which the District Court is located. Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. McPherson v. First & Citizens Nat. Bank of Elizabeth City, 240 N.C. 1, 18 (1954). Jails are not persons and may not be sued. Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.") (internal citations omitted). For the foregoing reasons, the Court finds that Plaintiff's Complaint against Mecklenburg County Jail must be dismissed.

    B.     Defendant Brace

As discussed above, Plaintiff may only properly allege an actionable claim under Section

1983 against a person acting under color of state law. Plaintiff's own allegations demonstrate that Defendant Brace was working on behalf of CMC and not on behalf of an entity, Defendant Mecklenburg County Jail, that is not amenable to suit in the first instance. Because Plaintiff has offered no allegations that Defendant Brace was acting under color of state law, Plaintiff's claim must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: May 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge